FRANKLIN UNIVERSITY, Appellant,

v.

ICKES, Appellee.

[Cite as *Franklin Univ. v. Ickes*, 181 Ohio App.3d 10, 2009-Ohio-660.]

Court of Appeals of Ohio,
Sixth District, Sandusky County.

No. S–08–019.

Decided Feb. 13, 2009.

Scott Russo Miller, for appellant.

Osowik, Judge.

{¶ 1} This is an appeal from a judgment of the Sandusky County Court, District No. 2, Woodville, Ohio, that found in favor of appellee in appellant's action seeking an award for amounts due on appellee's university account for tuition, fees, and other charges related to his attendance at Franklin University. For the following reasons, the judgment of the trial court is reversed.

{¶ 2} Appellant, Franklin University, sets forth a single assignment of error:

{¶ 3} "I. The trial court erred and abused its discretion in finding in favor of Defendant–Appellee."

{¶ 4} Appellee first enrolled as a student at Franklin University ("the university") in 2005. In order to continue his education, appellee applied for and received student loans. The record reflects a history, beginning in August 2005, of appellee calling the university's financial-aid office with questions and concerns regarding the processing of his loans. The university maintains that in many of his calls, appellee used profanity and raised his voice with the financial-aid staff members. The university further asserts that appellee's advisor repeatedly warned him that such abusive behavior would not be tolerated. In July 2006, appellee's financial-aid package was revised under the assumption that he would also register for and attend four credit hours of class at Terra State Community College ("Terra"). In September, the university learned that appellee was not registered for a class at Terra; therefore, as required by federal guidelines, the university repackaged appellee's student aid to reflect his change to a less-than-full-time student. On September 27, 2006, appellee called the financial-aid office to inquire as to the status of his financial-aid check. The university contends that appellee was highly upset, using profanity and yelling. The university further asserts that at one point, appellee told the employee that if he could reach through the phone, he would slap her.

{¶ 5} Shortly thereafter, appellee received a student-loan check for $2,576.22. Appellee admits that he spent the funds. On October 10, 2006, the university sent appellee a letter notifying him that he was suspended until the summer 2007 trimester for his verbal threats of violence during the September 27 phone call and for similar conduct on other occasions, which he had been warned to discontinue. Appellee appealed his suspension through the established university channels, and the appeal was denied on October 31, 2006.

{¶ 6} As a result of appellee's change in status, the university was required to adjust his account and refund $1,788.75 to the lenders. On December 12, 2007, the university filed the underlying action, seeking a judgment against appellee for $1,732.70, plus interest and costs. On December 20, 2007, appellee filed an answer denying the allegations and alleging that his suspension was not justified. A bench trial was held on May 5, 2008, and the following day the trial court issued its decision in favor of appellee.

{¶ 7} Our review of the trial court record reveals that certain background facts were not in dispute. Appellee admitted that he was enrolled at the university from August 2006 until the time of his suspension. He also admitted that he applied for financial aid through the university for the fall 2006 trimester. For reasons unclear from the record, appellee's financial aid was delayed, and he did not receive a check until October. Appellee admitted using some, if not all, of the

proceeds from the loan to purchase a computer. It also is undisputed that appellee had registered for a class at Terra, intending to use his financial aid to cover those fees, but withdrew in early September. Appellee did not dispute that as time passed and he did not receive his loan check, he grew frustrated. He admitted calling the university financial-aid office several times during September and October 2006 to inquire about the status of his loan check.

{¶ 8} In support of its sole assignment of error, appellant Franklin University asserts that appellee entered into a contract with the university, that the university performed on the contract, and that appellee breached the contract by failing to pay the amount due after he was expelled. Appellee did not file an appellate brief. The issue before us now is whether the trial court properly found that appellee was not obligated to repay the university $1,732.70.

{¶ 9} At trial, the university presented the testimony of Cecilia Kindell, its collections coordinator. Kindell testified that she works with students to arrange payment on their loans. Based on appellee's records from the fall of 2006, Kindell testified as to the total charges to appellee's account for the courses for which he registered in the fall of 2006. Kindell identified various other charges for textbooks, as well as credits to his account for grants and loans. She further explained that after appellee's books, tuition, and fees were paid out of his account, an "overage" of $2,576.22 was paid to appellee on September 27, 2006. According to Kindell, on September 29, 2006, some of appellee's aid was withdrawn because he was not registered for the required number of class hours. Kindell explained that after appellee was suspended, the university was required to refund $1,788.75 to the lender. Kindell testified that based on credits to and against appellee's account, the balance due the university was $1,732.70. She identified a copy of the university's yearly bulletin provided to all students when they register, which contains information with regard to payment of tuition and interest charged on unpaid balances. Appellee admitted that he had read the bulletin.

{¶ 10} At trial, appellee continued to argue that his suspension was unjustified, while appellant argued in defense of its decision to suspend appellee. This matter was before the trial court, however, not as an appeal from the suspension – which had already been denied – but on appellant's complaint alleging that appellee owed the university $1,732.70. In finding for appellee, the trial court concluded that "the Plaintiff billed for a program of instruction, delayed the financial aid processing, became upset, expelled the Defendant for speaking harshly to Plaintiff's employee, and then demanded full payment for classes never given in part because of Plaintiff's own delay in doing their job." The trial court noted a lack of evidence on "what part of fees if any were earned" and concluded

that it was clear that "the problems that gave rise to the case were caused by or aggravated by the plaintiff."

{¶ 11} The trial court's conclusion that appellant "delayed the financial aid processing, became upset and suspended the Defendant for speaking harshly" seems to imply that appellee was not and is not responsible for his own actions and, more importantly to this case, ignores the undisputed fact that appellee *received* his loan money, *spent* it, and *has not repaid* the amount owed as documented by the university. For those reasons, we find the trial court's decision to be an abuse of discretion and, accordingly, appellant's sole assignment of error is well taken.

{¶ 12} On consideration whereof, this court finds that substantial justice was not done the party complaining, and the judgment of the Sandusky County Court, District No. 2, Woodville, Ohio, is reversed. This matter is remanded to the trial court for further proceedings consistent with this decision. Appellee is ordered to pay the cost of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.

Judgment reversed.

Skow, P.J., and Pietrykowski, J., concur.